UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------------------X

STEVEN CARTER,

                                      Plaintiff,

                -against-                                20-CV-01616 (SVN)

TD BANK, N.A.,

                                        Defendant.
---------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COZEN O'CONNOR**
*Attorneys for Defendant*
**3 World Trade Center**
**175 Greenwich Street – 55th Floor**
**New York, New York 10007**
**(212) 453-3937**

ORAL ARGUMENT NOT REQUESTED/TESTIMONY NOT REQUIRED

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

REPLY ARGUMENT

    PLAINTIFF'S OPPOSITION FAILS TO CREATE A *GENUINE* ISSUE
    OF *MATERIAL* FACT TO WITHSTAND SUMMARY JUDGMENT
    ON HIS REMAINING CLAIMS ................................................................................................. 1

    A.  Plaintiff's Opposition Fails to Create A Genuine Issue Of Material Fact On
        Whether Taylor Had Any Animus Toward Plaintiff Because He Is A Male
        (Count 1 – Title VII Gender Discrimination Claim).............................................. 2

    B.  Plaintiff's Opposition Fails To Create A Genuine Issue Of Material Fact On
        Whether Plaintiff's Employment Was Terminated Because Taylor Wanted
        To Retaliate Against Him For Being A Male
        (Count 2 – Title VII Retaliation Claim)................................................................ 3

    C.  Plaintiff's Opposition Fails To Create A Genuine Issue Of Material Fact On
        Whether Plaintiff's Employment Was Terminated Because Of Any
        Discrimination/Retaliation For Taking FMLA Leave That Plaintiff
        Admits He Never Requested
        (Count 3 – FMLA Discrimination/Retaliation Claim)......................................... 4

    D.  Plaintiff's Opposition Similarly Fails to Create A Genuine Issue Of Material Fact On
        Whether Plaintiff's Employment Was Terminated Because Of Any
        So-Called Disability Animus
        (Count 5 – ADA Discrimination)........................................................................... 9

CONCLUSION............................................................................................................................ 10

LEGAL\59483542\1

## INTRODUCTION

As anticipated, Plaintiff's brief in opposition to the Bank's instant summary judgment motion is permeated with conclusory statements, speculation, and irrelevant arguments, virtually none of which cite to any portion of the evidentiary record. Plaintiff's Rule 56.1 counter-statement likewise contains irrelevant assertions and "denials" that do not truly deny the Bank's preceding statement with an applicable citation to the record. When one separates the wheat from the chaff, Plaintiff's opposition fails to create a genuine issue of material fact to warrant a trial on the fundamental issue here: there is no evidence in the record upon which a rational juror could rely to conclude that the termination of Plaintiff's employment on December 3, 2019, or the investigation that lead to it, was due to Plaintiff being a male, or because Plaintiff requested (and was approved) to take three weeks off for the birth of his child, or because he mentioned almost a year prior that he had anxiety.

The issue is not whether Plaintiff believes it was wrong or unfair to terminate his employment, or whether he was a good performer, or even whether he disagrees with the process or conclusions reached in the Bank's investigation that was prompted by a complaint from Plaintiff's own brother. This is a discrimination and retaliation case. Because Plaintiff failed to meet his burden of pointing to any evidence in the record of unlawful discriminatory or retaliatory animus, this Court should grant the Bank's motion and dismiss the Complaint in its entirety.

## REPLY ARGUMENT

### PLAINTIFF'S OPPOSITION FAILS TO CREATE A *GENUINE* ISSUE OF *MATERIAL* FACT TO WITHSTAND SUMMARY JUDGMENT ON HIS REMAINING CLAIMS

On the first page of his opposition brief (numbered as "3"), Plaintiff appears to withdraw his Count 4 (FMLA interference claim) and his Count 6 (ADA retaliation claim). This reply will,

1

therefore, solely address the remaining four claims in the Complaint and will do so in the order they were asserted in the Complaint and addressed in the Bank's initial brief, rather than in the different order argued in Plaintiff's opposition brief.

**A. Plaintiff's Opposition Fails To Create A Genuine Issue Of Material Fact On Whether Taylor Had Any Animus Toward Plaintiff <u>Because He Is A Male (Count 1 – Title VII Gender Discrimination Claim)</u>.**

Plaintiff acknowledges up front in the portion of his brief that addresses this claim (at 24) that he "must prove that his gender was a motivating factor in defendant's decision to terminate his employment." His brief fails. Indeed, Plaintiff pays lip service to that burden by offering nothing in his opposition to suggest that anyone remotely had a problem with the fact that Plaintiff is a male, including Taylor who hired Plaintiff while he was a male. Ex. D at 6, 8-10.[1] Without evidence that the Bank's stated reason for his termination was false *and* that Plaintiff's gender was the real reason, Plaintiff's Title VII gender discrimination claim cannot survive summary judgment. *See* Def. Initial Brf. a 12-13.

Plaintiff's "evidence" first consists of a vague one-sentence reference (at 25) that "[i]n this case, defendant hired a female," with no cite to the record for that assertion. Even if true, that alone is insufficient to meet Plaintiff's ultimate burden of demonstrating that Taylor had a gender animus toward Plaintiff *and* that Plaintiff's employment was terminated because he is a male. The only additional "evidence" on this point in Plaintiff's opposition (at 26) is Plaintiff's opinion that the Bank's "explanation is not worthy of belief" and his further conclusory argument that the Bank's explanation "is a pretext to cover up unlawful gender discrimination." Neither of those sentences are followed by a cite to the record. That is the entirety of Plaintiff's opposition to stave off dismissal of Count 1.

---

[1] All references to "Ex. ___" are to the exhibits submitted with the Declaration of Michael C. Schmidt together with the Bank's prior moving papers.

On the contrary, as demonstrated in the Bank's moving brief, Plaintiff admitted at his deposition that: (i) Taylor reacted positively when told that Plaintiff's wife was pregnant; (ii) Plaintiff's request to take three weeks of PTO for the birth of his child was approved without incident; (iii) neither Taylor nor anyone else at the Bank ever made a negative comment about Plaintiff's intended PTO for the birth of his child; and, most critically, (iv) other male employees who also reported to Taylor took parental time off and returned to their jobs without incident. *See* Def. Initial Brf. at 18-22; *See also* Rule 56.1 St. at ¶¶ 15, 19-24. So where is there evidence of animus or discrimination by Taylor because Plaintiff is a male? There is none.

Plaintiff's bald allegation that anyone had a problem with him being a male is preposterous and Plaintiff's opposition offers absolutely nothing in the record to support it. Therefore, Plaintiff's Count 1 for Title VII gender discrimination should be dismissed.

**B. Plaintiff's Opposition Fails To Create A Genuine Issue Of Material Fact On Whether Plaintiff's Employment Was Terminated Because Taylor Wanted To Retaliate Against Him For Being A Male (Count 2–Title VII Retaliation Claim).**

Plaintiff's opposition brief (at 28-29) similarly pays short shrift to his Title VII retaliation claim (Count 2). After reciting a few legal principles, Plaintiff attempts to avoid summary judgment on this claim in one paragraph at the bottom of page 29 that also fails to direct this Court to a single cite to the record. Not one cite. Instead, Plaintiff merely states in conclusory fashion his belief that "there is factual dispute as to Taylor's involvement" and offers his version of what must be the "only plausible explanation" for things. Plaintiff's one paragraph of opinion falls woefully short of his burden to oppose a summary judgment motion with *evidence* that creates a *genuine* issue of *material* fact. *Compare* Def. Initial Brf. at 9-11.

There is no dispute in the record about Taylor's involvement in the investigation that led to Plaintiff's termination. Plaintiff has admitted that Taylor did not prompt the Bank's

3

investigation, and has admitted that the investigation was instead prompted by his own brother who complained to store management in the St. Augustine Store, who themselves are not alleged to have done anything wrong with respect to Plaintiff. See Rule 56.1 St. at ¶ 35. Plaintiff also has admitted that Taylor had an obligation to notify HR about the potential fraudulent account activity when Taylor was informed by the Northeast ROO. *Id.* at ¶ 37. Moreover, Plaintiff has admitted that he believes the decision to terminate his employment was made by the HR representative who conducted the investigation. *See id.* at ¶ 38, citing Ex. C at 15-16.

Taylor was certainly interviewed as part of the investigation, given that he was Plaintiff's supervisor. But to the extent that there is no dispute in the record that Taylor did not prompt the investigation and did not make the decision to terminate Plaintiff's employment, there is nothing in the record from which a rational juror could find that Taylor retaliated against Plaintiff, let alone retaliated against him *because he is a male. See* Def. Initial Brf. at 22-24. And without evidence that Plaintiff engaged in protected Title VII activity (*i.e.,* a complaint about gender discrimination that Plaintiff never made), there is nothing for which Taylor could have retaliated against Plaintiff for purposes of a Title VII retaliation claim. Anything else in Plaintiff's opposition is nothing but sheer speculation and attorney argument; not evidence to withstand summary judgment. Therefore, Plaintiff's Count 2 for Title VII retaliation should be dismissed.

**C. Plaintiff's Opposition Fails To Create A Genuine Issue Of Material Fact On Whether Plaintiff's Employment Was Terminated Because Of Any Discrimination/Retaliation For Taking FMLA Leave That Plaintiff Admits He Never Requested (Count 3–FMLA Discrimination/Retaliation).**

This is an FLMA claim. Plaintiff's opposition offers a plethora of reasons he should be entitled to a trial on his FMLA claim. Here too, Plaintiff fails for five separate reasons.

First, Plaintiff haphazardly tosses around the terms "FMLA," "leave," and "PTO" to obfuscate rather than create a genuine issue of material fact. Plaintiff knows the difference

between those terms. As for the FMLA, he admitted at his sworn deposition that he knew the Bank had an FMLA policy but never once requested FMLA leave under that policy or told anyone that he needed to take FMLA leave. *See* Def. Initial Brf. at 25-26, citing Ex. C at 154-55. *See also* Rule 56.1 St. at ¶¶ 9-10. Plaintiff acknowledges in his brief (at 19) that he must show at a minimum "that he exercised rights protected under the FMLA." Since he testified at his deposition unequivocally that he never requested to take FMLA leave (as quoted in the Bank's initial brief at 26) and that he never told anyone he needed to take FMLA leave, he clearly cannot show that he "exercised FMLA rights in the first place." Ex. C at 154-55.

Plaintiff's brief cites various FMLA regulations (at 17-18), but neglects to reference the one section in the regulations that states that an employer "may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances. . . . An employee also may be required by an employer's policy to contact a specific individual." 29 C.F.R. §825.302(d). Again, Plaintiff admitted at his deposition that he never requested to take FMLA leave under that policy and never told anyone he needed to take FMLA leave. Ex. C at 154-55. *See also* Rule 56.1 St. at ¶¶ 9-10 (Plaintiff admitting that he was aware of the Bank's FMLA policy). Without an FMLA request through the Bank's FMLA policy, there cannot be an FMLA claim. Count 2 for FMLA discrimination/retaliation should be dismissed on that basis alone.

Despite using the terms interchangeably in his brief, Plaintiff also knows that there is a separate "Paid Parental Leave Policy." Ex. H at 90-93. That policy, like the separate FMLA policy, required Plaintiff to contact the Bank's leave administrator to request such leave (which Plaintiff never did). *See* Rule 56.1 St. at ¶¶ 12-14; *id.* at ¶17, citing Ex. C at 157-58, 160-61. The only time off that Plaintiff did request was the three weeks of PTO, and there is no dispute that

5

Plaintiff's request for that time off was fully approved by the Bank without incident. *See* Rule 56.1 St. at ¶¶ 19-20. *See also* Ex. K.

It is undisputed that no one at the Bank (including Taylor) ever made any negative comment about whether Plaintiff would potentially take time off for the birth of his child. *See* Rule 56.1 St. at ¶ 21. And it is undisputed that no one at the Bank (including Taylor) ever indicated having any problem with Plaintiff's request for future time off due to the birth of his child, and no one at the Bank ever denied any request by Plaintiff to take future time off due to the birth of his child. *See id.* at ¶¶ 22-23. Where is there anything in the record demonstrating discrimination or retaliation under the FMLA? This is, after all, an FMLA claim.

Second, Plaintiff tosses out a cursory reference (at 20) to a purported "closeness in time" between "protective activity and evidence of retaliatory action." To concoct a genuine issue of material fact where none exists, that argument rests entirely on a mere two sentences on that same page: that Plaintiff notified Taylor in October 2019 of his intention to take three weeks of PTO in January 2020, and then that his employment was terminated on December 3, 2019. The critical flaw in Plaintiff's argument, however, is the failure to connect the two thoughts with any causal evidence in the record.

That is, Plaintiff's opposition fails to connect his request to take three weeks of PTO (which was approved without incident) and the termination of his employment following an investigation that was prompted by his own brother. And, as noted above, Plaintiff admits that Taylor did not prompt the Bank's investigation in the first place, but that it was prompted by store management down in the St. Augustine Store after a complaint by his brother, and Plaintiff admits believing that the decision to terminate his employment was made by the HR representative who conducted the investigation. *See id.* at ¶ 38, citing Ex. C at 15-16. There is

nothing in the record that any request for (approved) PTO played any part in Plaintiff's termination, again putting aside that Plaintiff never requested FMLA leave under the Bank's policy.

Third, Plaintiff advances an *ipse dixet* argument over the next three pages of his brief (at 20-23) – still without a single cite to the record anywhere in those three pages – as to why he opines that the Bank's investigation was not good and why he believes he did not do what the investigation concluded he did. Plaintiff's arguments fail to recognize that those who did prompt the investigation (his own brother and the St. Augustine Store management) and who did conduct the investigation and make the decision to terminate Plaintiff's employment (the Bank's HR) had no discriminatory animus toward Plaintiff for FMLA leave that, again, Plaintiff never requested. Putting that aside, Plaintiff still misses the point when he argues (at 27) that the "honest belief" doctrine improperly invites the Court to decide intent and motivation. No, it doesn't.

In fact, as the Bank's initial brief discusses at length (at 13-17), the "honest belief" doctrine is particularly applied in the summary judgment context. Plaintiff ignores well-established principles in the Second Circuit and this Court that were cited by the Bank that the issue on summary judgment is not whether an investigation could have been done differently, or whether Plaintiff disagrees with the method or conclusions, but rather that the court should not intrude on an employer's honest belief and should grant summary judgment when there is no evidence of specific discriminatory animus. *See* Def. Initial Brf. at 5-9 (describing the record regarding the Bank's investigation) and at 13-17 (describing the "honest belief" doctrine in this Circuit). Plaintiff's attempt to respond to all of those cases (at 28) by citing two 8th Circuit cases from 1969 and 1973 is unavailing. There is no evidence of discriminatory animus in the record

by anyone because Plaintiff is a male or because he requested and was approved for 3 weeks of PTO. Any opinions offered by Plaintiff on the investigation or its conclusions do not change that.

Fourth, Plaintiff makes a passing allegation (at 21-22) to purported conduct by a couple of unnamed other individuals, without a single cite to evidence in the record to support the references he tosses out. More importantly, he apparently is asking the Court to engage in "mini-trials" at this stage without any basis to do so, and without even identifying the relevancy or connection between any other purported individuals' situations to the specific circumstances involving the Bank's investigation of this Plaintiff or the termination of this Plaintiff.

Plaintiff's opposition also makes several confusing references to "annuities." See, e.g., Ptf. Opp. Brf. at 14. The Bank fails to understand the point that Plaintiff is trying to make, and while Plaintiff offers a cite in his brief (at 14) to Plaintiff's own affidavit and some "Ex.6", there does not appear to be any exhibit number 6 submitted by either side on this motion. Notwithstanding Plaintiff's confusing references to "annuities" to attempt to create a genuine issue of material fact where none exists, the actual nature of the Bank's investigation and the conclusions reach by the investigator who is not alleged to have discriminated or retaliated against Plaintiff are set forth in the investigation documents submitted with the Bank's moving papers. See Ex. G.

Finally, any attempt by Plaintiff to inject performance into the discussion is a true "red herring." There is no dispute that Plaintiff was never told his employment was terminated because of his performance. See Rule 56.1 St. at ¶ 30. Plaintiff's separate section in his opposition brief entitled "Corporate Notice" (at 23-24) is also curious, as Plaintiff cites a string of cases to suggest that a corporate entity can have general knowledge of complaints made by a plaintiff, but yet he makes no reference in that same part of his brief to any complaint ever made

by this Plaintiff about alleged FMLA or time off generally. Plaintiff's suggestion (at 24) that some unlawful knowledge must be inferred based on a conclusory and speculative opinion – again, without a single cite to the record on that page – that Taylor had a "close working relationship" with the individual who conducted the Bank's investigation cannot seriously suffice as *evidence* to create a genuine issue of material fact on Plaintiff's FMLA claim.

In sum, Plaintiff acknowledges in his opposition brief (at 18) that he was required to prove "that his exercise of an [*sic*] FMLA protective right was a negative factor in [the Bank's] decision to terminate his employment." Putting aside his clear admission that he never requested FMLA leave, let alone complied with the Bank's FMLA policy, and that the three weeks of PTO he did request were approved without incident, Plaintiff's opposition is completely devoid of any evidence in the record that *FMLA rights* played any factor in anyone's mind when it came to the Bank's investigation and, ultimately, the termination of Plaintiff's employment. This is an FMLA claim. Therefore, Plaintiff's Count 3 for FMLA discrimination/retaliation should be dismissed.

### D. Plaintiff's Opposition Similarly Fails To Create A Genuine Issue Of Material Fact On Whether Plaintiff's Employment Was Terminated Because Of Any So-Called Disability Animus (Count 5–ADA Discrimination).

Like his opposition to dismissal of the other claims, Plaintiff's opposition regarding Count 5 is equally long on bare-bones allegations and short on anything in the evidentiary record to create a genuine issue of material fact. In fact, Plaintiff's entire response on this claim consists of four brief paragraphs on page 27 of his brief, all of which can be summarily rejected:

- o  Plaintiff argues (at 27) that he is not aware – and opines that the Bank is not aware – of any known disability of the individual who became the Store Manager for the New Canaan Store after Plaintiff was terminated. But where is there evidence to support the leap from that statement to a claim that anyone had a problem with any anxiety Plaintiff may have had, or that the Bank's investigation and subsequent termination of Plaintiff's

9

employment had anything to do with any anxiety Plaintiff may have had? There is nothing in the record to support that rank supposition.

o    Plaintiff acknowledges (at 27) that the Bank did articulate an explanation for the Bank's investigation and subsequent termination of Plaintiff's employment, but he then simply says that he does not believe the explanation. Plaintiff's opinion deserves no reply. *See also* Def. Initial Brf. at 13-17.

o    Plaintiff contends (at 27) that he told Taylor that he was not able to control his anxiety and needed support, and that he feels Taylor did nothing in response to provide any support. Where is there any cite to the record to support those statements in his brief? Where is there any evidence that the Bank's investigation and subsequent termination of his employment had anything to do with the fact that Plaintiff mentioned early on in his employment that he had anxiety? There is no such evidence.

That section in Plaintiff's brief offers nothing else to try to meet his burden of creating a genuine issue of material fact to withstand summary judgment on his ADA disability discrimination claim. He admits that Taylor never made any negative comment about his anxiety, and further admits that he never made any requests for time off to deal with anxiety-related issues. See Rule 56.1 St. at ¶¶ 27-28. Plaintiff failed to point to any evidence in the record from which a rational juror could find that Plaintiff's termination had anything to do with any anxiety Plaintiff may have had before or during his employment with the Bank. Therefore, Plaintiff's Count 5 for disability discrimination under the ADA should be dismissed.

## CONCLUSION

> While one cannot read plaintiff's submissions without recognizing that she feels ill-used, it is an ill use of [ ] discrimination laws to treat them as sharpening stones on which to grind personal axes.

*Noyer v. Viacom, Inc.,* 22 F. Supp.2d 301, 308 (S.D.N.Y. 1998).

That is precisely this case.

Based on the foregoing, and on its prior moving papers, Defendant TD Bank, N.A. respectfully requests that the Court grant its instant motion for summary judgment and dismiss

the Complaint in its entirety.


Dated: New York, New York
         September 12, 2022

                                        Respectfully submitted,

                                        COZEN O'CONNOR
                                        *Attorneys for Defendant*


                           By:    _____
                                        Michael C. Schmidt (ct31056)
                                        3 World Trade Center
                                        175 Greenwich Street – 55th Floor
                                        New York, New York 10007
                                        (212) 453-3937


11

## Certificate of Service

I hereby certify that on September 12, 2022, a copy of the foregoing Reply Memorandum of Law was filed electronically and served on all counsel and pro se parties, including anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

COZEN O'CONNOR
*Attorneys for Defendant*

By: _____
Michael C. Schmidt (ct31056)
3 World Trade Center
175 Greenwich Street – 55th Floor
New York, New York 10007
(212) 453-3937

12